1  FISHER & PHILLIPS LLP
   SCOTT M. MAHONEY, ESQ.
2  Nevada Bar No. 1099
3  300 S. Fourth Street
   Suite 1500
4  Las Vegas, NV  89101
   Telephone:  (702) 252-3131
5  E-Mail Address:  smahoney@fisherphillips.com
   Attorney for Defendant
6

7                **UNITED STATES DISTRICT COURT**

8                    **DISTRICT OF NEVADA**

9  KIAYNA FORD, an individual            )   Case No:
10                                        )
              Plaintiff,                  )   **NOTICE OF REMOVAL OF**
11                                        )   **ACTION**
       vs.                               )
12                                        )
13 STEELMAN PARTNERS LLP.; DOES I         )
   through X; and ROE Corporations XI     )
14 through XX, inclusive,                 )
                                          )
15            Defendant.                  )
                                          )
16 _____)

17 **TO:   UNITED STATES DISTRICT COURT FOR THE DISTRICT OF**
        **NEVADA:**
18

19        PLEASE TAKE NOTICE that Defendant, Steelman Partners LLP, hereby files

20 this Notice of Removal of Action of this case from the Eighth Judicial District Court

21 of the State of Nevada, Case No. A-20-824764-C (the "State Action"), in which it is

22 now pending, to the United States District Court for the District of Nevada, and

23 respectively state as follows:

24        1.    The jurisdiction of this court is invoked under 28 U.S.C. § 1331.

25        2.    On November 13, 2020, Plaintiff filed her Complaint in the State

26 Action, which Complaint was served on Defendants on January 28, 2021.    All

27

28

FP 39810307.1                              - 1 -

available process, pleadings and orders served on Defendants in connection with the State Action are attached hereto as Exhibit A.

3.     The grounds for removal are as follows: The Complaint alleges claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.,* creating federal question jurisdiction under 28 U.S.C. § 1331.

4.     This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED this 18th day of February 2021.

FISHER & PHILLIPS, LLP


By: /s/ Scott M. Mahoney, Esq.
     300 South Fourth Street
     Suite 1500
     Las Vegas, Nevada 89101
     Attorneys for Defendant

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

This is to certify that on the 18th day of February 2021, the undersigned, an employee of Fisher & Phillips LLP, electronically filed the foregoing Notice of Removal of Action with the U.S. District Court, and a copy was electronically transmitted from the Court to the e-mail addresses on file for:

STEVEN H. BURKE, ESQ.


By:  /s/ Sarah Griffin
        An employee of Fisher & Phillips LLP

FP 39810307.1

*FISHER & PHILLIPS LLP*
*300 S Fourth Street, Suite 1500*
*Las Vegas, Nevada 89101*

Electronically Issued
1/26/2021 10:27 AM

SUMM

# District Court

## CLARK COUNTY, NEVADA

KIAYNA FORD, an individual;

               Plaintiff,

vs.

STEELMAN PARTNERS LLP; DOES I through X;
and ROE Corporations XI through XX, inclusive,

             Defendants.

Case No.: A-20-824764-C
Dept.: 19

## SUMMONS

**NOTICE!   YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A Civil Petition for Judicial Review has been filed by the plaintiff against you for the relief set forth in the Complaint.

### STEELMAN PARTNERS LLP

    1.     If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

          a.     File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

          b.     Serve a copy of your response upon the attorney whose name and address is shown below.

    2.     Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the request of:

_____
Steven H. Burke
Nevada Bar No. 14037
Law Office of Steven H. Burke
9205 W. Russell Road, Suite 240
Las Vegas, Nevada 89148
Attorney for Plaintiff

STEVEN D. GRIERSON, CLERK OF COURT

By: _____    1/27/2021
     Deputy Clerk                    Date
     County Courthouse
     200 South Third Street
     Las Vegas, Nevada 89101
     Robyn Rodriguez

*NOTE:     When service is by publication, add a brief statement of the object of the action.
               See Rules of Civil Procedure, Rule 4(b).

STATE OF _____ )
                                  ) ss:      AFFIDAVIT OF SERVICE
COUNTY OF_____ )

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the ___ day of_____, 2019 and served the same on the ____ day of _____, 2019 by:

**(affiant must complete the appropriate paragraph)**

1.      delivering and leaving a copy with the defendant _____      B
(state address)_____.
2.      serving the defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's usual place of abode located at (state address) _____
_ .

**(Use paragraph 3 for service upon agent, completing A or B)**

3.      serving the defendant _____ by personally delivering and leaving a copy at (state address) _____ .
        a.      with _____ as _____, an agent lawfully
        designated by statute to accept service of process;

        b.      with _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.      personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

               _____ Ordinary mail
               _____ Certified mail, return receipt requested
               _____ Registered mail, return receipt requested

        addressed to the defendant _____ at the defendant's last known address which is (state address) _____ .

               Executed this _____ day of _____, 20_____.


                                        _____
                                        Signature of person making service


SUBSCRIBED AND SWORN to before me this

_____ day of _____, 2019.

NOTARY PUBLIC in and for said County
and State

My commission expires:

Electronically Filed
11/13/2020 2:30 PM
Steven D. Grierson
CLERK OF THE COURT

1 COMJD
STEVEN H. BURKE, ESQ.
2 Nevada Bar No. 14037
LAW OFFICE OF STEVEN H. BURKE, LLC
3 D.B.A. THE 808 FIRM
9205 W. Russell Road, Suite 240
4 Las Vegas, Nevada 89148
T: 702-793-4369 | F: 702-793-4301
5 Email: stevenburkelaw@gmail.com

6 *Attorney for Plaintiff*

CASE NO: A-20-824764-C
Department 19

7

8 **EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**
9

10 KIAYNA FORD, an individual          Case No.
Dept. No.
Plaintiff,
11

vs.                                  **COMPLAINT WITH JURY DEMAND**
12

13 STEELMAN PARTNERS LLP.; DOES I
through X; and ROE Corporations XI
14 through XX, inclusive,

15                    Defendant.

16

17                    **COMPLAINT**

18       COMES NOW Kiayna Ford ("Plaintiff" or "Ms. Ford"), by and through her attorney,

Steven H. Burke, Esq. of Law Office of Steven H. Burke, and hereby files her Complaint and
19
complains of Defendant Steelman Partners LLP ("Defendant" or "Steelman") as follows:
20

21                    **VENUE AND JURISDICTION**

22       1.       This is a civil action for damages under state and federal laws prohibiting unlawful

employment actions and to secure the protection of and to redress deprivation of rights under
23
these laws.
24

25       2.       Jurisdiction and venue are based upon federal and state law.

26       3.       Jurisdiction and venue are also proper based upon Plaintiff's claims under Nevada

state and common law.
27

28       4.       Plaintiff hereby designates Clark County as the venue for this proceeding per NRS

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369  FAX: (702) 793-4501

§ 13.040 and files in the Eighth Judicial District Court accordingly.

5.    The alleged unlawful employment actions occurred in this judicial district.

**PARTIES**

6.    At all times relevant, Plaintiff is and was an individual residing in Clark County, Nevada.

7.    At all times relevant, Defendant is and was a Nevada Limited Liability Partnership created under the laws of the State of Nevada.

8.    At all times relevant, Defendant was conducting business in Clark County, Nevada.

9.    At all times relevant, Defendant had custody and/or control over Plaintiff and her employment, and Defendant was responsible for Plaintiff's labor and employment matters.

10.   At all times relevant, Plaintiff was an employee of Defendant as that term is defined in NRS Chapter 608, NRS Chapter 613, 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

11.   At all times relevant, Defendant was Plaintiff's employer as that term is defined in NRS Chapter 608, NRS Chapter 613, 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

12.   The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does I-X and Roe Corporations XI-XX, inclusive, who are in some manner responsible for the injuries described herein, and who were, upon information and belief, Plaintiff's "employer" is unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Amended Complaint to show their true names and capacities when ascertained.

13.   Plaintiff hereby demands a jury trial on all issues triable by jury herein.

**PROCEDUARL REQUIREMENTS**

14.   Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit. Plaintiff timely filed his charge of discrimination with the Nevada Equal Rights Commission ("NERC") on or about May 10, 2020. *See* a true and correct copy of Plaintiff's Charge of Discrimination attached hereto as **Exhibit 1**.

15.   On or about August 17, 2020, the Equal Employment Opportunity Commission

1  ("EEOC") issued Plaintiff a right to sue. *See* a true and correct copy of Plaintiff's Right to Sue

2  attached hereto as **Exhibit 2**.

3  **FACTUAL ALLEGATIONS**

4      16.    On or about July 3, 2019, Ms. Ford began her employment with Defendant as an

5  Intern.

6      17.    On or about August 20, 2019, Ms. Ford was promoted to an Administrative

7  Assistant.

8      18.    At all times relevant, Ms. Ford was an exemplary employee while employed by

9  Defendant.

10      19.    In or about September, 2019, Ms. Ford became severely ill and communicated her

11  sickness to Defendant, requiring her to miss several days of work.

12      20.    Beginning in or about September, 2019, Ms. Ford's Supervisor, Mercedes Cruz

13  ("Ms. Cruz") began to treat Ms. Ford disparately and communicated to Ms. Ford to "take care" of

14  her condition.

15      21.    In or about September, 2019, Ms. Cruz refused to accommodate Ms. Ford,

16  knowing she was ill.

17      22.    Upon information and belief, Ms. Cruz allowed other employees to come in late.

18      23.    Upon information and belief, Ms. Cruz discriminated against Ms. Ford based on

19  her disability and race (African American).

20      24.    On or about September 16, 2019, Ms. Cruz cut Ms. Ford's hours from full-time to

21  part-time, claiming it was necessary due to Ms. Ford's health issues.

22      25.    Ms. Ford's Project Manager, William Tashakori ("Mr. Tashakori") made

23  discriminatory comments about Ms. Ford saying "Seems like there's something always wrong

24  with you."

25      26.    Ms. Ford understood Ms. Cruz's and Mr. Tashakori's acts as stereotypical and

26  discriminatory on the basis of her disability and race.

27      27.    Despite this hostile work environment, Ms. Ford continued to be an excellent

28  employee.

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4569   FAX: (702) 793-4301

28. Ms. Ford made internal complaints to Defendant about her disparate treatment.

29. Upon information and belief, Defendant did not investigate Ms. Ford's complaints.

30. On or about October 4, 2019, Defendant terminated Ms. Ford.

31. Defendant's termination of Ms. Ford occurred a short time after she made internal complaints and a short time after she returned to work after being sick.

32. Defendant's proffered reason of terminating Ms. Ford was her mood and work ethic.

33. Defendant's proffered reason for termination was pretextual.

### FIRST CAUSE OF ACTION
### RACIAL/DISABILITY DISCRIMINATION
### 42 U.S.C. § 12101 *et seq.* / NRS § 613.330

34. Ms. Ford hereby realleges and incorporates each and every allegation previously made herein.

35. Ms. Ford is African American.

36. Ms. Ford had a documented disability.

37. Ms. Ford was an exemplary employee and qualified for her position.

38. Despite her qualifications, Defendant, through the actions of its agents as more fully set forth above, subjected Ms. Ford to adverse employment actions, including, but not limited to, harassing Ms. Ford based on her race and disability; and by discriminating against and eventually terminating Ms. Ford on the basis of his race and/or disability.

39. Defendant, through its agents, participated in conduct that was degrading to Ms. Ford. Such conduct had the purpose or effect of creating an intimidating, hostile, and offensive work environment, and had the purpose or effect of unreasonably interfering with Ms. Ford's work performance.

40. The acts and/or omissions of Defendant and its agents complained of herein are in violation of 42 U.S.C. § 12101 *et seq.*

41. The acts and/or omissions of Defendant and its agents complained of herein are in violation of NRS § 613.330 *et seq.*

42.   As a direct and proximate result of Defendant's unlawful activity, Ms. Ford has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

43.   The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass or humiliate Ms. Ford and, thus, Ms. Ford is entitled to punitive damages with respect to her claim.

44.   As a result of Defendant's conduct, as set forth herein, Ms. Ford has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

**SECOND CAUSE OF ACTION**
**RETALIATION**
**42 U.S.C. § 12203 / 42 U.S.C. § 12101e *et seq.* / NRS § 613.340**

45.   Ms. Ford hereby realleges and incorporates each and every allegation previously made herein.

46.   As set forth more fully above, Defendant retaliated against Ms. Ford when she opposed discrimination and unlawful conduct, in good faith, as detailed in her internal complaint(s) and/or discussion(s) with Defendant.

47.   There exists a temporal proximity in relation to Ms. Ford's complaints of unlawful discrimination and Ms. Ford's resulting termination.

48.   Defendant subjected Ms. Ford to undeserved disciplinary conduct and eventual termination in close proximity after Ms. Ford complained to Defendant of discriminatory behavior and requested reasonable accommodations.

49.   Defendant retaliated against Ms. Ford when she opposed discrimination and unlawful conduct by terminating Ms. Ford and subjecting her to harassing behavior.

50.   Defendant's termination of Ms. Ford constituted a retaliatory discharge in violation of 42 U.S.C. § 12203, 42 U.S.C. § 12101 *et seq.*, and NRS § 613.340.

51.   By taking these adverse actions, Defendant has engaged in discriminatory practices with malice and/or with reckless disregard to Ms. Ford's protected rights.  As a result, Ms. Ford has been damaged.

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV, 89148
TEL.: (702) 793-4569   FAX: (702) 793-4301

52.     As a direct and proximate result of Defendant's unlawful activity, Ms. Ford has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

53.     Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Ms. Ford is entitled to an award of exemplary or punitive damages.

54.     As a result of Defendant's conduct, as set forth herein, Ms. Ford has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

55.     Ms. Ford hereby realleges and incorporates each and every allegation previously made herein.

56.     Defendant breached its duty of reasonable care to protect Ms. Ford from the negligent and/or careless actions of their own agents, officers, employees, customers and others.

57.     Defendant breached its duty of reasonable care by hiring individuals with a propensity towards committing unlawful acts against Ms. Ford.

58.     Defendant breached its duty of reasonable care by failing to adequately train and supervise their employees by with lawful policies and procedures of discrimination, harassment, and retaliation.

59.     As a direct and proximate result of Defendant's conduct described hereinabove, Ms. Ford has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000).

60.     As a result of Defendant's conduct, as set forth herein, Ms. Ford has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

61.     Defendant acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendant's wrongful conduct, Ms. Ford is entitled to an award of exemplary or punitive damages

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV 89148
TEL.: (702) 793-4569   FAX: (702) 793-4301

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.     For general damages in excess of $15,000.00;

2.     For special damages;

3.     For consequential damages;

4.     For punitive damages;

5.     For all damages and relief owed to Plaintiff under the Nevada Constitution and Nevada law;

6.     For attorneys' fees and costs incurred in this action; and

7.     Such other and further relief as the Court may deem just and proper.

DATED this 13th day of November, 2020.

LAW OFFICE OF STEVEN H. BURKE

By:    */s/ Steven H. Burke*
STEVEN H. BURKE, ESQ.
Nevada Bar No.: 14037
9205 W. Russell Rd., Ste. 240
Las Vegas, Nevada 89148
T:  702-793-4369  |  F:  702-793-4301
Email: stevenburkelaw@gmail.com
*Attorney for Plaintiff*

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

# EXHIBIT "1"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 487-2020-00034 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Miss Kiayna Ford** | **(702) 205-5391** | **1998** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **2333 Silver Crew Pass, Henderson, NV 89052** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **STEELMAN PARTNERS** | **15 - 100** | **(702) 873-0221** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **3330 W Desert Inn Road, Las Vegas, NV 89102** | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **08-23-2019**   Latest **08-23-2019**

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

On or about July 03, 2019, I was hired Steelman Partners in the position of Intern. My last position held was a Part-Time employee. On or about October 04, 2019, I was called in to meet with Mercedes Cruz who took over Human Resources. Ms. Cruz informed me that they were letting me go due to my mood and work ethic declining. Ms. Cruz also informed me that if I would like to reapply back in the summer they would hire me again. I feel I was Retaliated against due to getting sick.

I believe I was discriminated against because of my Disability, in violation of the Americans with Disabilities Act of 1990, as amended, my Race (African-American), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| 05/12/2020        *Kiayna Ford* <br> *Date*        *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.    FORM NUMBER/TITLE/DATE.   EEOC Form 5, Charge of Discrimination (11/09).

2.    AUTHORITY.   42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.    PRINCIPAL PURPOSES.   The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.    ROUTINE USES.   This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.    WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.   Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT "2"

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Klayna Ford**<br>**c/o LAW OFFICE OD STEVEN H. BURKE**<br>**ATTN: Steven Burke, Esq.**<br>**9205 W Russell Rd**<br>**Las Vegas, NV 89148** | From: **Las Vegas Local Office**<br>**333 Las Vegas Blvd South**<br>**Suite 5560**<br>**Las Vegas, NV 89101** |

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **487-2020-00034** | **Juan N. Serrata,**<br>**Investigator** | **(702) 388-5058** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

Tamara M. West

*On behalf of the Commission*

Digitally signed by Tamara M. West
DN: cn=Tamara M. West, o=EEOC, ou=Director-LVLO, email=tamara.west@eeoc.gov, c=US
Date: 2020.08.17 08:24:55 -07'00'

—————————————————
**Tamara West,**
**Local Office Director**

Enclosures(s)

*(Date Mailed)*

cc:    **Human Resources**
**Manager**
**STEELMAN PARTNERS**
**3330 W Desert Inn Road**
**Las Vegas, NV 89102**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u>** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.